a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALAN VANDELAUGHTER #30350-177,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01437<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN F C I POLLOCK,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Alan Vandelaughter ("Vandelaughter"). Vandelaughter is imprisoned at the Federal Correctional Institution in Pollock, Louisiana ("FCI Pollock"). He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Vandelaughter failed to exhaust administrative remedies, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Vandelaughter was convicted of mailing threats to damage or destroy property and mailing threatening communications. *United States v. DeLaughter*, 294 F. App'x 151 (5th Cir. 2008). He was sentenced to 240 months of imprisonment, to be served consecutive to the sentences imposed in four state cases and another federal case. *United States v. Vandelaughter*, 2:07-CR-00094 (N.D. Tex), ECF No. 59.

1

Vandelaughter alleges that he was transferred to federal custody on August 10, 2025, to begin service of his federal sentence. He asserts that the BOP failed to credit his federal sentence with time spent in prior state custody. ECF No. 1. He seeks a nunc pro tunc designation, and alleges that he should not be required to exhaust administrative remedies.

## II.   Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust administrative remedies through the BOP's four-step process. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). First, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

The exhaustion requirement applies to the computation of sentences. *See, e.g. Gabor*, 905 F.2d at 78 n.2; *see also Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). "Exceptions to the exhaustion requirement are appropriate where the

available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id.*

Vandelaughter alleges that exhaustion should be excused because he has reached out to the Sentencing and Designation Computation Center as well as the Case Management Coordinator at FCI Pollock and received no response. ECF No. 1-2 at 5. This argument is unavailing. To the extent that Vandelaughter believes his grievances will be denied, this does not make the remedy futile. *See Herman v. Wendt*, 3:03-CV-1204, 2004 WL 68018, at *2 (N.D. Tex. 2004), *report and recommendation adopted*, 2004 WL 557290 (N.D. Tex. 2004) (citing *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). Nor does Vandelaughter's belief that he should be released. While "[i]t is true that exhaustion . . . takes time, . . . there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Gutierrez v. Hijar*, 23-CV-75, 2023 WL 2317790, at *2 (W.D. Tex. 2023), *appeal dismissed,* 23-50187, 2023 WL 5955234 (5th Cir. 2023) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973)) (internal quotations omitted); *see also Todd v. Reiser*, 3:21-CV-109, 2022 WL 1100321, at *2 (S.D. Miss. 2022), *report and recommendation adopted*, 2022 WL 1094653 (S.D. Miss. 2022) (the fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process); *Goss v. Longley*,

3

2014 WL 4658970, at *2 (S.D. Miss. 2014) ("possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required"); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house).

The BOP should be afforded the opportunity to correct any error made in calculating Vandelaughter's sentence. *Herman*, 2004 WL 68018, at *2 (N.D. Tex. 2004) (citing *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention)). Vandelaughter is required to exhaust administrative remedies prior to seeking relief in federal court.

### III. Conclusion

Because Vandelaughter has failed to exhaust administrative remedies, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

5

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, November 6, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE